**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 25, 2011

Lyle W. Cayce
Clerk

No. 10-30707
Summary Calendar

CONNIE D. WHITE,

Plaintiff-Appellant,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
3:09-cv-67

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Connie White brought this action challenging Metropolitan Life Insurance Company's decision to deny long-term disability benefits under the terms of an employee welfare benefit plan, governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. After White failed to timely oppose Metropolitan's motion for summary judgment, the district court granted Metropolitan's motion. In doing so, the district court stated that, even though the motion was unopposed, it had reviewed the record and found Metropolitan's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

motion to be meritorious. Even so, the district court provided White a second chance to file an opposition: "Any response to this ruling based on the appropriate Federal Rules of Civil Procedure shall be filed within ten days and must be accompanied by an opposition memorandum to the original motion." White never filed an opposition, but now argues before this court that the district court erred. We review a district court's summary judgment *de novo*. *Rivers v. Cent. & Sw. Corp.*, 186 F.3d 681, 683 (5th Cir. 1999).

White contends that the district court entered summary judgment solely because Metropolitan's motion was unopposed. The district court's order belies this contention, however. The court expressly concluded, after reviewing the record, that Metropolitan's motion should be granted. Although the district court did not explain its reasoning, it was not required to do so, especially where the basis for the motion was so straightforward. *See* Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.").

Moreover, the district court's ruling was correct on the merits. The terms of the plan provide that no legal action may be filed "more than three years after proof of Disability must be filed. This will not apply if the law in the area where you live allows a longer period of time to file proof of Disability." White's suit was not filed within this time period, and White identifies no Louisiana law which allows a longer period of time for filing proof of disability. Therefore, White's legal challenge to Metropolitan's benefit determination was filed too late. *See Harris Methodist Fort Worth v. Sales Support Servs., Inc. Empl. Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005) ("Because ERISA provides no specific limitations period, we apply state law principles of limitation. Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." (internal citations omitted)). White cannot escape this result by resorting to equitable relief because she has not established a "material

misrepresentation" by Metropolitan or "extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005) (holding that equitable estoppel in the ERISA context requires a showing of: "(1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances").

The judgment of the district court is AFFIRMED.